```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
JESSICA WALLACE,                                                  :
                                                                  :
                              Plaintiff,                          :   **MEMORANDUM DECISION**
                                                                  :   **AND ORDER**
         - against -                                              :
                                                                  :   19-cv-4545 (BMC)
THE CITY OF NEW YORK, and NEW YORK                                :
CITY EMPLOYEES RETIRMENT SYSTEM,                                  :
                                                                  :
                              Defendants.                         :
----------------------------------------------------------------  X
```

Plaintiff brings this § 1983 action alleging that defendants discriminated against her on the basis of her race and violated her due process rights in denying her a portion of her retirement benefits. Defendants move to dismiss the amended complaint for failure to state a claim upon which relief can be granted.

Plaintiff's amended complaint fails to plausibly allege that race played a part in how she was treated. In addition, plaintiff's allegation that defendants deprived her of a property interest does not state a claim under the Due Process Clause because adequate state procedures are available to redress this deprivation. The amended complaint is therefore dismissed.

## BACKGROUND

According to her proposed amended complaint, plaintiff worked for the City of New York as a school safety officer for 31 years before retiring. For the first 10 of those years, she did not pay into the retirement benefits system. After working for 10 years, however, she began to invest her earnings into the retirement benefits system.

The New York City Employees' Retirement System ("NYCERS"), of which plaintiff became a covered employee, maintains a "Buy-Back" program for active employees to receive

retroactive credit for previous work rendered before becoming a member of NYCERS. Prior to her retirement, plaintiff went to NYCERS to ask about the buy-back program. A representative told plaintiff that she would be allowed to buy back her uncovered time once NYCERS investigated her claimed prior service. The representative further advised that the only way plaintiff could repurchase the 10 years of previous service was to process her retirement application.

Plaintiff therefore applied for retirement and NYCERS reiterated that it would investigate her service for purposes of the buy-back. But after she had submitted her retirement application, NYCERS informed her "that it was too late to buy-back the 10-years' service time." Plaintiff claims that had she "been allowed to purchase the 10-years' service time, her benefits would be about $60,000 as opposed to $33,783, annually." She further alleges that NYCERS personnel intentionally "lured and duped [her] out of her property interest in the service buy-back."

Plaintiff is thus suing for a failure of due process, under 42 U.S.C. § 1983, because she "was never provided any decision that would satisfy due process, deciding that she could not buy-back the 10-years' service time." She also brings three claims for racial discrimination under the Equal Protection Clause of the Fourteenth Amendment, New York City's Human Rights Laws, and 42 U.S.C. § 1981.

Plaintiff filed her initial complaint *pro se* and defendants moved to dismiss that complaint. After retaining counsel, plaintiff filed an amended complaint and defendants again have moved to dismiss for failure to state a claim.

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

2

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citations omitted). Said otherwise, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In conducting the above analysis, the Court must accept as true all of the well-pleaded allegations contained in the complaint. Iqbal, 556 U.S. at 678. But this tenet "is inapplicable to legal conclusions." Id. "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

A claim alleging deprivation of constitutional rights under 42 U.S.C. § 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Furthermore, a plaintiff must show that each of the named defendants was personally involved in the wrongdoing or misconduct of which plaintiff complains. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

Here, plaintiff asserts three discrimination claims under both federal and local laws, alleging that defendants unlawfully considered her race in denying her benefits. Defendants contend that plaintiff merely concludes, without elaboration or factual support, that she was treated differently because of her race. I agree with defendants.

Plaintiff, it seems, is black or African-American. That fact is not referenced in the complaint's statement of facts. However, she ends three of her four "Cause of Action" sections in the following way:

> Ms. Wallace is black/African American, and therefore, a member of a protected class, against whom the United States, its states, and localities of [sic] struggled with discrimination in affording members of protected classes the privileges enjoyed by those who are not members of protected classes.
>
> The Defendants will be unable to provide a race-neutral justification for why they lured and duped Ms. Wallace out of her property rights interest in the service buy-back. As such, the Defendants' actions were motivated in part by the fact that Ms. Wallace is a member of a protected class.

By themselves, these conclusory allegations are inadequate to state a claim for discrimination because plaintiff has "done little more than cite to [her] mistreatment and ask the court to conclude that it must have been related to [her] race." Lizardo v. Denny's, Inc., 270 F.3d 94, 104 (2d Cir. 2001). This is insufficient to "nudge[] [her] claims across the line from conceivable to plausible." See Twombly, 550 U.S. at 570. A court cannot "infer discrimination from thin air," see Lizardo, 270 F.3d at 104, even at this early stage in the litigation. Because plaintiff has failed entirely to provide any factual allegations that tend to support a claim of discrimination, Counts Two, Three, and Four are dismissed.

Turning to the due process claim, defendants contend that plaintiff "fails to establish that she has a property right to a pension for 31 years of City employment when she was a pension member during only 21.28 years of that employment." This argument was originally directed at plaintiff's first complaint, which, indeed, gave no express indication that plaintiff had any right

4

or reasonable expectation to benefits for the first 10 years of work. Although the original complaint referred to NYCERS "fixing" plaintiff's service years and vaguely alluding to the possibility that she could "buy back . . . pension time," these allegations fell short of plausibly alleging any property right.

However, the proposed amended complaint sufficiently addresses this problem, at least at the pleadings stage. It alleges that NYCERS provides city employees with the opportunity to "purchase" their years of uncovered work through a "robust 'Buy-Back' program for which NYCERS actively distributes literature." By averring that she had worked for the city for 10 years prior to paying into the retirement system, and that NYCERS would permit her to retroactively purchase that time for pension benefits, plaintiff has alleged a viable property interest under the Supreme Court's entitlement jurisprudence. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972) ("Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source."). Defendants' argument that "an employee only possesses entitlement to a pension benefit from the date that the employee became a member of the pension fund" may be true, but there is clearly a discrete, expectation-backed interest created by NYCERS buy-back program.

Nevertheless, plaintiff still fails to state a claim for the violation of her due process rights. Even assuming an officer of NYCERS intentionally deprived plaintiff of her property, the availability of meaningful state post-deprivation remedies renders any constitutional due process claim premature. See Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The rationale behind this rule is that "the state's action is not complete until and unless it provides or refuses to provide a suitable

5

postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984).[1] Otherwise, permitting relief under § 1983 for every initial deprivation "would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." See Paul v. Davis, 424 U.S. 693, 701 (1976).

In this case, plaintiff does not allege the absence or inadequacy of a state post-deprivation procedure. Indeed, New York courts routinely hear claims for fraud, conversion, and negligent misrepresentation, and the Court perceives no reason why plaintiff could not have pursued such claims in this case. Although plaintiff vaguely contends that she "was never provided any decision that would satisfy due process," she gives no basis for the Court to infer that she was denied adequate state recourse or that she even sought it. Moreover, it is the *process*, not the decision, that implicates constitutional concerns. Thus, the amended complaint fails to state a claim under the Due Process Clause of the Fourteenth Amendment.

In any event, and as defendants additionally point out, "[p]laintiff fails to plead that the alleged violation of due process resulted from any official municipal policy or custom as required in a § 1983 claim" under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). This is a requirement for all § 1983 claims brought against a municipality, as is the case here. Id. ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

---

[1] This rule is limited to instances where the deprivation resulted from "a random and unauthorized act by a state employee," as is alleged here. Parratt, 451 U.S. at 541. "In such a case, the loss is not a result of some established state procedure and the State cannot predict precisely when the loss will occur." Id.

## CONCLUSION

Defendants' [14] motion to dismiss is granted. The Clerk is directed to enter judgment, dismissing the case.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      July 10, 2020