```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
JESSICA WALLACE,                                                  :
                                                                  :
                              Plaintiff,                          :   **MEMORANDUM DECISION**
                                                                  :   **AND ORDER**
              - against -                                         :
                                                                  :   19-cv-4545 (BMC)
THE CITY OF NEW YORK, and NEW YORK                                :
CITY EMPLOYEES RETIRMENT SYSTEM,                                  :
                                                                  :
                              Defendants.                         :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

By Memorandum Decision and Order dated July 10, 2020, I granted defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted. Specifically, I held that plaintiff's few conclusory allegations as to racial discrimination were insufficient to demonstrate that defendants ever considered plaintiff's race. I further held that, although plaintiff plausibly alleged that she had a property interest in her ability to buy back her uncovered pension time, she nevertheless did not state a due process claim because she failed to take advantage of available state post-deprivation remedies.

Plaintiff has moved for reconsideration of that decision, arguing that I overlooked "(1) . . . both the Court of Appeals (*Kings v. NYCERS*, 595 Fed. Appx. 10 (2d Cir. 2014)) and District Court's (*Kings v. NYCERS*, 212 F.Supp.3d 371 (EDNY 2015)) decisions as to the due process issue presented in the instant case, (2) New York Human Rights Laws on the issue of

racial discrimination, and (3) Plaintiff's breach of contract claim." The motion for reconsideration is denied.

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party "must demonstrate that the Court overlooked . . . matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y.1999)). "Various factors courts have considered in granting a motion to reconsider include, 1) an intervening change of controlling law, 2) the availability of new evidence not previously available, and 3) the need to correct a clear error or prevent manifest injustice." United States v. Gross, No. 98-cr-159, 2002 WL 32096592, at *3 (E.D.N.Y. Dec. 5, 2002).

Plaintiff first argues that "[t]he Circuit Court of Appeals' decision in *King*, as well as that rendered by this Court [referring to Judge Weinstein] in *King*, make clear that the availability of Article 78 relief provides inadequate due process for NYCERS' pension reinstatement determinations." But that is not correct. Indeed, the Second Circuit's summary order in King v. New York City Employees' Retirement Sys., 595 F. App'x 10, 12 (2d Cir. 2014), suggests the opposite of what plaintiff represents: "Our Court and others within the Circuit have held that the availability of post-deprivation Article 78 proceedings in the NYCERS pension context is

generally constitutionally adequate process even where the process internal to NYCERS was not wholly adequate."

The decision upon remand to Judge Weinstein – which in any event is not binding on me and therefore cannot support reconsideration – is inapposite because it addresses the specific failures of a particular benefits revocation, "done pursuant to established state procedures . . . [that were] neither random nor arbitrary." King v. New York City Employees Retirement Sys., No. 13-cv-4730, 2015 WL 4718004, *20 (E.D.N.Y. Aug. 10, 2015). In this case, however, plaintiff alleged next to nothing about the procedures afforded to her and how they were inadequate. She says only that "Ms. Wallace was never provided any decision that would satisfy due process, deciding that she could not buy-back the 10-years' service time." But as my prior decision stated, "it is the *process*, not the decision, that implicates constitutional concerns." Moreover, plaintiff's complaint alleges that she was "duped" by a NYCERS representative in person, implying that her deprivation was "random and unauthorized," for which type of injury a pre-deprivation hearing is impossible. See Parratt v. Taylor, 451 U.S. 527, 541 (1981).

To the extent that plaintiff argues in the present motion that, "[a]s in *King*, Ms. Wallace received no notice, as NCYERS' determination (*Exhibit 2*) does not apprise Ms. Wallace that NYCERS' determination, admitting error in her Tier of service and awarding her just two years of the ten years of benefits for which she is eligible, could be challenged," she brings up new information. The amended complaint and her brief in opposition to the motion to dismiss nowhere contain the word "notice" nor the content of NYCERS' determination. Because I can

only *re*-consider "matters that were put before [me] on the underlying motion," Eisemann, 204 F.3d at 395 n.2, this new information is cannot change the result.

Finally, as to plaintiff's racial discrimination claims, she argues that I failed to consider whether NYCERS had a non-discriminatory reason for its actions. But this burden-shifting analysis is relevant only on summary judgment, not on a Rule 12(b)(6) motion, and presupposes that a plaintiff has made out a plausible claim for discrimination in the first place. I held that she had not:

> [T]hese conclusory allegations are inadequate to state a claim for discrimination because plaintiff has "done little more than cite to [her] mistreatment and ask the court to conclude that it must have been related to [her] race." Lizardo v. Denny's, Inc., 270 F.3d 94, 104 (2d Cir. 2001). This is insufficient to "nudge[] [her] claims across the line from conceivable to plausible." See Twombly, 550 U.S. at 570. A court cannot "infer discrimination from thin air," see Lizardo, 270 F.3d at 104, even at this early stage in the litigation. Because plaintiff has failed entirely to provide any factual allegations that tend to support a claim of discrimination, Counts Two, Three, and Four are dismissed.

Plaintiff's motion for reconsideration confirms that my prior decision was correct. According to her, she pleaded a discrimination claim because she alleged that (1) she was black, and (2) NYCERS made a bad decision. That is not enough. Causation cannot be presumed merely because of membership in a protected class. She had to set forth facts tending to show that the "adverse action occurred under circumstances giving rise to an inference of discrimination." Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305, 786 N.Y.S.2d 382, 390 (2004). No such inference arises merely from the fact that a bad thing happened to a someone belonging to a racial minority.

4

Defendants' [19] motion for reconsideration is denied.

**SO ORDERED.**

                                                                   U.S.D.J.

Dated: Brooklyn, New York
        July 28, 2020